## English, etc., v. First National Bank of Lock Haven.

*Lunatics—Estates of—Custody of law—Judgments—Lien.*

Where a committee of a lunatic has been appointed, the estate passes into the custody of the law and a creditor who obtains a judgment after inquisition acquires no lien upon the real estate of the lunatic, nor any right to priority of payment over other creditors.

Petition under Declaratory Judgments Act. C. P. Erie Co., Feb. T., 1926, No. 147.

*Brooks, English & Quinn,* for plaintiff; *S. L. Gilson,* for defendant.

HIRT, J.—This is an application under the Declaratory Judgments Act of June 18, 1923, P. L. 840, to determine the status of a judgment entered to No. 147, February Term, 1926, in favor of the First National Bank of Lock Haven, Pennsylvania, against a lunatic.

The cause of action which resulted in this judgment accrued prior to the inquisition, but judgment was obtained after the appointment of Charles H. English, Esq., as committee of the estate of the lunatic. It is the contention of plaintiff committee that the judgment is not a lien on the real estate of the lunatic, and for that reason is not entitled to priority over other creditors in the distribution of the fund arising from the sale thereof. With this contention we agree.

When a committee of a lunatic has been appointed, the estate passes into the custody of the law, and, although a creditor may obtain a judgment, the remedy by common-law process to execute does not exist; that creditor must go into equity, where the judgment would not be enforced except upon terms of equality or a *pro rata* distribution among all creditors. If the creditors could, upon the finding of any person a lunatic by inquisition, be admitted into a scramble or race for the first judgment, under the idea of obtaining prefer-

ence, and could thus obtain preference, the whole system devised by the legislature with so much care would be frustrated, for the lunatic's estate would be liable to the creditors according to the course of common law and its processes. It is true that the statute authorizes a suit to be brought against the lunatic, which the committee is directed to defend. This may be done for the purposes of establishing the amount of the debt; but there he must stop. Therefore, a creditor who obtains a judgment after inquisition found receives thereby no lien upon the real estate of the lunatic, nor any right to priority of payment over other creditors. Judgments obtained before lunacy have a lien, but all other debts attach equally and have equal claims to payments: Wright's Appeal, 8 Pa. 57; Rogers's Appeal, 119 Pa. 178.

And now, to wit, Nov. 18, 1926, it is declared that the judgment in favor of defendant and against Michael Liebel, Jr., a lunatic, entered to No. 147, February Term, 1926, is not a lien upon the real estate of said lunatic; the judgment is a liquidation merely of the amount of defendant's claim and is not entitled to priority of payment by reason of the fact that it has been reduced to judgment.

From Lytle F. Perry, Erie, Pa.